UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GERTRUDE ESTELL                                    CIVIL ACTION

VERSUS                                             NO: 16-2278

STRIVE, INC.                                       SECTION: R

## ORDER AND REASONS

Before the Court is defendant Strive, Inc.'s motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment.[1] Because plaintiff' complaint does not plead facts that would entitle her to relief, the Court grants the motion under Rule 12(b)(6).

## I.    BACKGROUND

On March 16, 2016, pro se plaintiff Gertrude Estell filed a complaint against her former employer, Strive, Inc., apparently attempting to charge Strive with discriminatory discharge based on age, in violation of the Age Discrimination Act of 1967 ("ADEA").[2] To support her claim, Estell alleges the following: (1) she "was dismissed from Strive, Inc. due to her age";[3] (2) she was

_____

[1] R. Doc. 6.

[2] R. Doc. 1.

[3] *Id.* at 1 ¶ 1.

58 years old at the time of dismissal;[4] and (3) "the parties involved in [her] dismissal [were] under the age of 50."[5]  Estell seeks damages for lost wages and emotional distress.[6]  Strive moves to dismiss Estell's ADEA claim under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment.[7]

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.  *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir.

---

[4] *Id.* at 2 ¶ 3.

[5] *Id.* at 1 ¶ 2.

[6] *Id.* at 2 ¶ 4.

[7] R. Doc. 6.

2009).  But the Court is not bound to accept as true legal conclusions couched as factual allegations.  *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action.  *Id.*  In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim.  *Lormand*, 565 F.3d at 257.  If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed.  *Twombly*, 550 U.S. at 555.

Finally, courts construe briefs submitted by pro se litigants liberally, and a court will "apply less stringent standards to parties proceeding pro se than to parties represented by counsel."  *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam); *see also see Abdul–Alim Amin v. Universal Life Ins. Co. of Memphis, Tenn.*, 706 F.2d 638, 640 n. 1 (5th Cir. 1983).  This does not mean, however, that a court "will invent, out of whole cloth, novel arguments on behalf of a pro se plaintiff in the absence of meaningful, albeit imperfect, briefing."  *Jones v. Alfred*, 353 Fed. App' x 949, 951–52 (5th Cir. 2009).

## III.   DISCUSSION

### A.   Age Discrimination

Estell does not explain the legal grounds for her claim against Strive.  In light of Estell's pro se status, however, the Court liberally construes her complaint as asserting a claim for age discrimination in violation of the ADEA. *See Nerren v. Livingston Police Dep't*, 86 F.3d 469, 472 (5th Cir. 1996) (explaining that when a litigant is proceeding pro se, her allegations and briefs are construed more permissively).  Strive contends that Estell's ADEA claim fails because her complaint does not allege facts that plausibly suggest that age was the but-for cause of Estell's dismissal.

The ADEA provides that "it shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).  To prevail on an age discrimination claim, a plaintiff "must prove by a preponderance of the evidence . . . that age was the 'but-for' cause of the challenged employer decision."  *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010) (quoting *Gross v. FBL Fin.Servs., Inc.*, 557 U.S. 167, 176 (2009)).  In this way, an ADEA claim differs from a claim under Title VII of the Civil Rights Act of 1964, which requires only proof that the prohibited basis--*i.e.*, race, color,

4

religion, sex, or national origin--was a "motivating factor" in the challenged employment decision. *See Gross*, 557 U.S. at 174 ("Unlike Title VII, the ADEA's text does not provide that a plaintiff may establish discrimination by showing that age was simply a motivating factor.").

"A plaintiff can demonstrate age discrimination in two ways, either through: direct evidence or by an indirect or inferential method of proof." *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004).  When, as in this case, a plaintiff relies on circumstantial evidence, she must present a prima facie case, at which point the burden shifts to the employer to provide a legitimate, non-discriminatory reason for the employment decision. *Willis v. Coca Cola Enters., Inc.*, 445 F.3d 413, 420 (5th Cir. 2006).  To establish a prima facie case of discriminatory discharge based on age, a plaintiff must show that: (1) she was discharged; (2) she was qualified for the position; (3) she was within the protected class at the time of discharge; and (4) she was either (i) replaced by someone outside the protected class, (ii) replaced by someone younger, or (iii) otherwise discharged because of her age. *Berquist v. Washington Mut. Bank*, 500 F.3d 344, 349 (5th Cir. 2007); *Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 576 (5th Cir. 2003).

Despite the demanding but-for standard of proof, "[a] plaintiff need not make out a prima facie case of discrimination in order to survive a Rule

12(b)(6) motion to dismiss for failure to state a claim." *Haskett v. T.S. Dudley Land Co.*, No. 14-41459, 2016 WL 2961790, at *2 (5th Cir. May 20, 2016); *see Flores v. Select Energy Servs., L.L.C.*, 486 F. App'x 429, 432 (5th Cir. 2012) (same); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002) ("The prima facie case under *McDonnell Douglas* [*Corp. v. Green*, 411 U.S. 792 (1973)] is an evidentiary standard, not a pleading requirement."). Like other plaintiffs in federal court, however, an ADEA plaintiff--including a plaintiff proceeding without counsel--must still plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) ("Even a liberally construed pro se civil rights complaint, however, must set forth facts giving rise to a claim on which relief may be granted."). In evaluating whether this standard has been met, courts may consider the elements of a prima facie case to ensure that the plaintiff has "allege[d] facts sufficient to state all the elements of her claim." *Puente v. Ridge*, 324 F. App'x 423, 428 (5th Cir. 2009) (internal quotation omitted); *see also Haskett*, 2016 WL 2961790, at *2 ("[T]he elements of a prima facie case are helpful . . . in framing what constitutes an ADEA claim.").

6

Even liberally construed, the threadbare allegations in Estell's complaint are insufficient to state a plausible claim for age discrimination. Estell alleges that she "was dismissed from Strive, Inc. due to her age,"[8] that she was 58 years-old at the time dismissal,[9] and that the individuals "involved in" her dismissal were under the age of 50. To begin, Estell's allegation that Strive terminated her employment "due to her age" is "a legal conclusion that the court is not required to accept and does not suffice to prevent a motion to dismiss." *Richards v. JRK Prop. Holdings*, 405 Fed. App'x 829, 831 (5th Cir. 2010). Moreover, while the complaint suggests the presence of individuals younger than Estell, it does not explain who the younger persons were or what involvement they had in Strive's employment decision. Thus, Estell pleads no facts indicating that she was replaced by a younger person or otherwise discharged because of her age. *See Davis v. Mem'l Med. Ctr. of E. Texas*, 129 F.3d 609 (5th Cir. 1997) (affirming Rule 12(b)(6) dismissal when plaintiff did not "claim that she was replaced by someone younger or otherwise discharged because of her age"); *and Haskett v. Cont'l Land Res.*, LLC, No. CIV.A. G-14-0281, 2015 WL 1419731, at *10 (S.D. Tex. Mar. 27, 2015) (dismissing ADEA complaint for failure to state a claim when plaintiff failed to plead facts

---

[8] R. Doc. 1 at 1 ¶ 1.

[9] *Id.* at 2 ¶ 3.

demonstrating any "connection between Plaintiff's non-hiring and his age"); *cf. Leal v. McHugh*, 731 F.3d 405, 413 (5th Cir. 2013) (holding that plaintiffs stated a plausible ADEA claim by alleging that they were in a protected class, they were qualified for the position in question, they were not selected, a substantially younger person was selected, and one of the deciding officials stated that the department needed "new blood").

Accordingly, the Court finds that Estell fails to state a claim, and her ADEA claim for discriminatory discharge based on age must be dismissed. Because the Court grants Strive's motion to dismiss under Rule 12(b)(6), Strive's alternative motion for summary judgment is denied as moot.

## B.   Leave to Amend

As the Fifth Circuit holds, "district courts should not dismiss pro se complaints pursuant to Rule 12(b)(6) without first providing the plaintiff an opportunity to amend, unless it is obvious from the record that the plaintiff has pled his best case." *Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011); *see also Pena v. United States*, 157 F.3d 984, 987 n. 3 (5th Cir. 1998) ("Because [Rule 12(b)(6)] dismissals [of pro se complaints] are disfavored, a court should grant a pro se party every reasonable opportunity to amend."). Although Estell does not expressly request leave to amend her complaint, she does provide additional factual allegations to support her ADEA claims in her opposition to

8

Strive's motion to dismiss.[10]  The Court does not consider allegations raised for the first time in an opposition brief.  *See Goodwin v. Hous. Auth. of New Orleans*, No. CIV.A. 11-1397, 2013 WL 3874907, at *9 n. 37 (E.D. La. July 25, 2013) (noting that it is "inappropriate to raise new facts and assert new claims in an opposition to a motion to dismiss").  But Estell's presentation of new factual material suggests that she should be permitted to amend her complaint to better allege her ADEA claim.  The Court therefore dismisses Estell's complaint without prejudice and with leave to amend within twenty-one (21) days of entry of this order.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Strive's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  This dismissal is WITHOUT PREJUDICE and with leave to file an amended complaint within twenty-one (21) days of this order.  Strive's motion for summary judgment on Estell's ADEA claim is DENIED AS MOOT.

New Orleans, Louisiana, this  13th  day of July, 2016.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[10] *See generally* R. Doc. 9.